IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

HARTFORD CASUALTY INSURANCE
COMPANY, a foreign corporation,

        Plaintiff,

v.

CITY OF MARATHON, A Florida municipality;
INTRASTATE CONSTRUCTION CORP.;
a Florida corporation,

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

        Plaintiff, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), by and through undersigned counsel, files this Complaint against Defendants, CITY OF MARATHON ("Marathon") and INTRASTATE CONSTRUCTION CORP. ("Intrastate"), seeking this Court's declaratory relief and states as follows:

### JURISDICTION AND VENUE

        1.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

        2.    A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect performance and payment bonds issued by Hartford in connection with the public works project referred to as the City of Marathon Service Area 3 Wastewater Treatment Facility project (the "Area 3 Project").

3. Plaintiff, Hartford, is a corporation organized and existing under the laws of the State of Connecticut, and maintains its principle place of business in the State of Connecticut.

4. Defendant, Marathon, is a municipality located in Monroe County, Florida, organized and existing under the laws of the State of Florida.

5. Defendant, Intrastate, is a corporation organized and existing under the laws of the State of Florida. Intrastate maintains its principle place of business in Broward County, Florida.

6. Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is appropriate in the Southern District of Florida because the Defendants reside in the Southern District of Florida and because the cause of action accrued in the Southern District of Florida.

## FACTUAL ALLEGATIONS

8. On or about April 14, 2009, Intrastate and Marathon entered into an agreement for construction of the Area 3 Project in the amount of $2,061,000.00 (the "Bonded Contract"). A copy of the Bonded Contract is attached hereto as Exhibit "A."

9. On June 3, 2009, Hartford issued performance and payment bonds, under bond number 35 BCSFD 6127, to Marathon guaranteeing Intrastate's Performance on the Area 3 Project and payment to Intrastate's subcontractors, sub-subcontractors, laborers, and materialmen (the "Bonds"). Copies of the Bonds are attached hereto as composite Exhibit "B."

10. On the face of the Bonds, the Bonded Contract is described and limited to the "City of Marathon Service Area 3 Wastewater and Stormwater Project." See Ex. "B."

11. On April 14, 2010, Intrastate contacted Hartford to inform Hartford of Intrastate's insolvency and need for financial assistance to complete various bonded projects, including the Area 3 Project.

12. In April 2010, after reviewing Intrastate's books and financial records, Hartford directly informed Intrastate and Intrastate's bonding agent that Hartford would no longer be issuing bonds or providing expanded bond coverage for change orders on existing bonded projects, including but limited to a proposed change order that would add an Area 7 Wastewater Treatment Facility project to the Area 3 Project.

13. By April 2010, Intrastate was incurring losses on the Area 3 Project and its subcontractors and suppliers were filing Notices of Nonpayment with Hartford and Marathon. Marathon was aware of Intrastate's inability to meet its payment obligations with its subcontractors and suppliers.

14. Despite Intrastate's financial problems and unbeknownst to Hartford, on or about April 27, 2010, Marathon and Intrastate agreed to a purported change order in the amount of $2,984,487.00 to add a completely new and separate project entitled "the Area 7 Wastewater Treatment Facility Project" to the existing bonded Area 3 Project ("Area 7 Change Order"). A copy of the Area 7 Change Order is attached hereto as Exhibit "C."

15. On or about May 24, 2010, Marathon issued a separate Notice to Proceed to Intrastate to commence the additional scope of work contained in the Area 7 Change Order work. Pursuant to the terms of the Notice to Proceed, Intrastate was required to provide additional performance and payment surety in the amount of $2,984,487.00. A copy of the Notice to Proceed is attached hereto as Exhibit "D."

16. Notwithstanding the fact that the Notice to Proceed for the Area 7 Change Order wasn't issued until May 24, 2010, Marathon had already depleted the contract funds and paid $524,098.09 to Intrastate on May 14, 2010, as an advance on work performed. Copies of check numbers 023021 and 023020 dated May 14, 2010 in the amount of $480,385.88 and $43,712.21, respectively, are attached hereto as Composite Exhibit "E."

17. Marathon's only requirement to the insolvent Intrastate to be awarded the Area 7 Change Order work and receive over a $500,000 advance was to acquire additional surety bonding. There would be no public advertisement or competitive bidding. The deal would be completely private between the parties without disclosure to the public.

18. The addition of the Area 7 Change Order has increased the Bonded Contract amount from $2,061,000.00 to $5,045,487.00, an increase of over 144 percent of the original contract sum.

19. More importantly, the Area 7 Change Order was made without any competitive bidding or public advertisement in violation of Florida law.

20. The addition of an entirely new project to the original contract constitutes not only a cardinal change but also violates the State of Florida's competitive bidding statutes. As such, the Area 7 Change Order is void *ab initio.*

21. After learning about the Area 7 Change Order, Hartford informed Marathon that neither the Bonds for the Area 3 Project nor any other Hartford bond would cover the change order work, and that the penal limit of the Bonds was to remain at $2,061,000.00. A copy of this letter is attached hereto as Exhibit "F."

22. As a Public project, the Area 7 Change Order requires competitive bidding and bonding under Chapters 180 and 255, *Florida Statutes*. Since Hartford disputes any coverage for

the Area 7 Change Order, Marathon will need to immediately publicly advertise and solicit competitive bids, as well as acquire statutory bonds for the work described in the Area 7 Change Order. Accordingly, an immediate resolution of the present dispute is required in order to protect the public and determine the parties' rights.

## COUNT I
## ACTION FOR DECLARATORY JUDGMENT

23. Hartford realleges and reaffirms allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Hartford issued Bonds for the Area 3 Project with penal limits of $2,061,000.00.

25. Thereafter, Marathon and Intrastate purported to expand, via the Area 7 Change Order, the Area 3 Project to include an additional and separate project.

26. The Area 7 Change Order exceeds $500,000.00.

27. A municipality seeking to construct or improve a public work is required under Section 255.20(1), *Florida Statutes*, to "competitive award to an appropriately licensed contractor each project that is estimated in accordance with generally accepted cost-accounting principles to cost more than $300,000."

28. More specifically, a municipality contracting for the construction of utilities in an amount exceeding $25,000.00 is required under Section 180.24, *Florida Statutes*, to advertise the contract.

29. The required notice provisions are increased for projects costing more than $500,000.00. Section 255.0525, *Florida Statutes*, requires that municipal construction projects exceeding $500,000.00 "be publicly advertised at least once in a newspaper of general circulation in the county where the project is located at least 30 days prior to the established bid opening and at least 5 days prior to any scheduled prebid conference."

30. The statutory provisions described in paragraphs 27-29 above apply to change orders as well as original contracts. *See Ops. Att'y Gen. Fla*. 2003-29 (2003).

31. In violation of Florida law, Marathon knowingly failed to advertise or solicit competitive bids for the Area 7 Change Order and otherwise concealed a secret contractual agreement with Intrastate from the public.

32. Further, Marathon and Intrastate knew and participated in the violation of the competitive bidding statutes when they agreed to enter into the Area 7 Change Order without complying with Florida law.

33. As a result of the failure to publicly advertise and solicit competitive bids for the public work in violation of the Florida Statutes and public policy, the Area 7 Change Order is void for illegality and Hartford is not liable under the Bonds for the work described therein.

34. Marathon and Intrastate thereafter concealed this fact from Hartford and attempted to force Hartford to ratify an otherwise illegal contract as part of its surety obligations under the original Bonded Contract for the Area 3 Project.

35. Hartford has sustained actual prejudice and seeks this Court's declaratory judgment regarding the existence of coverage under Bond Number 35 BCSFD 6127 or any other Hartford bond for the Area 7 Change Order.  Until the Court construes Hartford's rights and responsibilities under the Bonds, Hartford will suffer uncertainty with respect to such rights and responsibilities under the Bonds.

36. Although the penal sum of the Bonds remains at $2,061,000.00, Hartford's potential exposure under the Bonds as a result of this controversy has been significantly increased due to the increased liability under the Bonded Contract of $2,984,487.00, the amount of the Area 7 Change Order.

37. A real and justiciable issue exists with respect to Hartford's rights and responsibilities under the Bonds as to the Area 7 Change Order, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff, Hartford, respectfully requests judgment from this Court:

(a) Declaring that the Area 7 Change Order is void *ab initio* for illegality.

(b) Declaring that no surety relationship exists between Hartford and the Defendants with respect to the Area 7 Change Order.

(c) Declaring that no bond issued by Hartford, including but not limited to bond number 35 BCSFD 6127, affords coverage for the Area 7 Change Order.

(d) Any such other relief as this court deems necessary, just, and proper.

DATED this 9th day of August, 2010.

Respectfully submitted,

VEZINA, LAWRENCE & PISCITELLI, P.A.
*Attorneys for Hartford Casualty Insurance Co.*
121 Alhambra Plaza, Suite 1604
Coral Gables, Florida  33134
Telephone:  (305) 443-2043
Facsimile:    (305) 443-2048

By:   s/Timothy S. Taylor
        TIMOTHY S. TAYLOR
        Florida Bar No. 545015
        ELAINE WITHERSPOON
        Florida Bar No. 0057989